UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTY STAHL,

    Plaintiff,

v.

ROBERT C. KLOTZ, et al.,

    Defendants.

No. 2:19-cv-00496-KJM-CKD

ORDER

Plaintiff Dusty Stahl, a former court clerk for the Amador County Superior Court, brings this whistleblower retaliation action against defendants Robert Klotz, Dawn Harmon, Dana Elmore, Jana Giron, Aimee Trotter and Heather Gardella in their individual capacities, alleging defendants deprived plaintiff of her liberty and property interest in her employment and terminated her without due process in violation of federal and state law. First Am. Compl., ECF No. 16, ¶¶ 28-45.

Defendants previously moved to dismiss plaintiff's initial complaint under Federal Rule of Civil Procedure 12(b)(6). Am. Mot., ECF No. 5. The court dismissed plaintiff's whistleblower claim for failing to allege what facts she disclosed that were not in the public record. The court also dismissed her § 1983 claim for her employer's failure to provide progressive discipline as mandated under California law for failure to state a claim. Order, ECF No. 14. Plaintiff filed a first amended complaint on August 28, 2019. First Am. Compl.

1

("FAC"), ECF No. 16. Defendants now move to dismiss on grounds plaintiff has not cured the failure to allege what non-public facts she disclosed, and that her suit is barred by judicial and quasi-judicial immunity. Mot., ECF No. 17; Mem. of Points and Authorities ("Mem."), ECF No. 17-1. Plaintiff filed an opposition, ECF No. 19, and defendants a reply, ECF No. 20. The court heard the defendants' motion to dismiss plaintiff's first amended complaint on November 6, 2019. James McGlamery appeared for the plaintiff and Jennifer Perkell appeared for defendants. For reasons explained below, the court now GRANTS IN PART and DENIES IN PART the motion.

I. STATEMENT OF FACTS

A. Factual Allegations

In its earlier order, the court reviewed the factual background based on the allegations, which remain essentially the same. *See* Prior Order, ECF No. 14, at 2-4. However, plaintiff's first amended complaint no longer alleges that she witnessed judicial misconduct to the same degree as in her initial complaint, as discussed below.

B. Procedural Background

Plaintiff filed her original complaint on March 20, 2019, asserting three claims against defendants. ECF No. 1. She brought her first and second claims under 42 U.S.C § 1983 against defendants Klotz, Harmon and Elmore, alleging (1) deprivation of her property and liberty interest in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and (2) denial of procedural due process in violation of the Fourteenth Amendment. *Id.* Plaintiff brought her third claim under state law against all defendants, alleging wrongful termination in retaliation for a protected disclosure by a public employee in violation of California Government Code section 8547.13. *Id.*

As noted above, defendants filed a motion to dismiss and then amended it, ECF No. 5, plaintiff opposed, ECF No. 7, and defendants replied, ECF No. 10. The court granted the motion to dismiss in part and denied it in part. Prior Order. The court dismissed plaintiff's claim based on California Government Code section 8547 because she had not alleged a protected disclosure in that she claimed only to have reported publicly-known facts. *Id.* at 7-10. The court

also dismissed plaintiff's § 1983 claim against defendants Klotz, Harmon and Elmore, because alleging the denial of progressive discipline mandated by state law, *Skelly v. State Personnel Board*, 15 Cal.3d 194 (1975), did not state a claim for denial of a federal right. *Id.* at 12-13.

Plaintiff then filed her first amended complaint, removing references to events that took place in open court such as, *inter alia*, the subject judge's alleged failure to address time waivers, failure to advise defendants of rights, sentencing of criminal defendants over the phone with no attorney present, and alteration of a defendant's probation order after the defendant signed it. FAC. The amended complaint's recital of the events plaintiff allegedly disclosed now consists only of the statement:

> Plaintiff noticed other clerks checking all of the boxes in minute orders, indicating legal rights had been given; however, Plaintiff personally observed that the Judge had not given all of the rights checked by the clerks; therefore, the minute orders were not accurate as to what actually happened on the record. (In clear violation of the mandate reflected in *People v. Zackery,* supra).

*Id.* ¶ 15.

The amended complaint's second cause of action for a violation of 42 U.S.C. § 1983 against defendants Klotz, Harmon, and Elmore has also changed. It no longer alleges the defendants deprived plaintiff of progressive discipline as mandated under California law, but instead states the plaintiff was a public employee who could only be dismissed "for cause," that she possessed a property interest in her employment, and she accordingly was entitled to pre-termination due process protections. *Id.* ¶¶ 34-35.

Defendants now move to dismiss the first amended complaint, Mot. to Dismiss, ECF No. 17, plaintiff opposes, Opp'n, ECF No. 19, and defendants have replied, Reply, ECF No. 20.

II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged
/////

3

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).
/////

4

III. DISCUSSION

    a. Disclosure of Public Facts

Defendants argue plaintiff failed to cure the defects in her whistleblower claim because she continues to allege only disclosures of publicly known information. Mem., ECF No. 17-1, at 3-5. As the court noted in its previous order, defendants argued in their first motion to dismiss that the holding of *Mize-Kurzman v. Marin Community College District*, 202 Cal. App. 4th 832 (2012), controls the question of what constitutes a protected disclosure under California Government Code section 8547 *et seq*. *See* Prior Order at 9. In *Mize-Kurzman*, the court held that a jury instruction stating, "[r]eporting publicly known facts is not a protected disclosure," was an accurate statement of the law under California Labor Code section 1102.5 and Education Code section 87160 *et seq*. *Mize-Kurzman*, 202 Cal. App. 4th at 844-45. Defendants argued the definition of "protected disclosure" as excluding the reporting of publicly known facts also applies to Government Code section 8547 *et seq*. First Mot. to Dismiss, Mem., ECF No. 4-1 at 3-5. This court agreed and dismissed the plaintiff's third cause of action for failure to allege sufficient non-public facts. Prior Order at 10.

The plaintiff has added nothing to her complaint, instead choosing to remove allegations of events that would have taken place on the record. This leaves only the bare statement that "the minute orders were not accurate as to what actually happened on the record." FAC ¶15. The court's prior order left open the possibility that more detail could be included in an amended complaint, but found as pled, "the complaint does not allege the extent to which the purported improprieties in this case did not appear in the record or were otherwise not publicly known." Prior Order at 10.

The court cannot look beyond the allegations in the first amended complaint on a motion to dismiss under Rule 12(b)(6). *See Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1198 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" (emphasis omitted)). Evaluating the amended complaint on its face, plaintiff has not cured the original complaint's defects simply by removing

references to the subject judge's alleged actions contrary to law. Although in her opposition to the motion and at hearing plaintiff argues the alleged improprieties in the courtroom would in fact not be known to the public due to the falsification of minute orders, the first amended complaint itself does not make this clear. In fact, the removal of allegations of specific instances in which the subject judge acted contrary to law leaves the reader of the first amended complaint unable to discern what malfeasance the alteration of the minute orders concealed.

In short, the problem identified in the earlier motion to dismiss was not the presence of allegations of judicial impropriety, but the absence of sufficient allegations to state a plausible claim those improprieties were not part of the public record. Plaintiff must supply further detail about the falsification or modification of the public record. The court GRANTS defendants' motion to dismiss plaintiff's claim based on California Government Code section 8547.13, but grants leave to amend given that plaintiff's arguments in opposition suggest she may be able to cure her pleadings. The court cautions plaintiff though that the leave to amend once again is "to clarify whether and to what extent the alleged improprieties were not publicly known, if she is able to amend while complying fully with Federal Rule of Civil Procedure 11." Prior Order at 14. After this, the court will not grant further opportunities to correct this defect.

      b. <u>Judicial Immunity</u>

Defendants assert plaintiff's action should be barred by judicial and quasi-judicial immunity. Judges in California have absolute judicial immunity for acts performed in the exercise of their judicial functions, and it applies to all judicial determinations, including those in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be. *Howard v. Drapkin*, 222 Cal. App. 3d 843, 852 (1990). California courts have extended the same absolute immunity, called "quasi-judicial immunity," to persons other than judges if those persons act in a judicial or quasi-judicial capacity. *Id.* at 853. Judicial and quasi-judicial immunity are derived from the judicial or adjudicative quality of the underlying act, not the identity of the actor; acts or decisions made or performed by a judge that are administrative or legislative are not "judicial acts" subject to immunity. *Soliz v. Williams*, 74 Cal.App.4th 577, 591 (1999).

1 | In *In re Castillo*, the Ninth Circuit held the scheduling of hearings by a bankruptcy trustee is a discretionary function protected by absolute immunity. *In re Castillo*, 297 F.3d 940, 951 (2002). The *Castillo* court held immunity could extend to purely administrative acts performed by court staff, "—acts which taken out of context would appear ministerial, but when viewed in context are part of the judicial function." *Id.* at 952 (citing *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996)). Because the means of giving notice could not be fairly separated from the scheduling of the hearing, which is part of the exercise of the court's inherent power to regulate its docket, the scheduling was essentially judicial in nature and thus immunized. *Castillo*, 297 F.3d at 952-53.

In *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), the Supreme Court decided whether a court reporter qualified for judicial immunity for the failure to produce a transcript of a federal criminal trial to the defendant for use on appeal. The Court held the duty of a court reporter to record proceedings verbatim in their entirety was not an exercise of the kind of discretion protected by the doctrine of judicial immunity. *Id.* at 436. Court reporters "are afforded no discretion in the carrying out of this duty; they are to record, as accurately as possible, what transpires in court." *Id.* (citing *McLallen v. Henderson*, 492 F.2d 1298, 1299 (8th Cir. 1974)). The proponent of judicial immunity bears the burden of demonstrating its applicability. *Antoine*, 508 U.S. at 432.

Here, plaintiff alleges she noticed other clerks producing minute orders showing the judge gave an advisement of rights when the subject judge had in fact not done so. FAC ¶ 15. Plaintiff does not allege the other clerks acted at the direction of the judge. Nor does she allege the other clerks did so as an exercise of discretion. The first amended complaint itself alleges no theory of why other clerks produced inaccurate minute orders at all. It is not clear from the face of the complaint that other clerks' production of inaccurate minute orders was based on an exercise of judicial or adjudicative discretion. Unlike scheduling in *Castillo*, the accurate, ministerial memorialization of proceedings is not connected to the court's inherent power to regulate its docket. Such records are useful after the fact for various purposes, but they do not affect the rights and duties of litigants prospectively. *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d

1186, 1189 (9th Cir. 1989) (minute order is "a description of what transpired in the courtroom."). The purpose of a court clerk's duty to prepare minute orders is to produce an accurate summary of the adjudicative functions of another; this does not convert the production of the minute orders itself to an adjudicative function. The preparation of accurate minute orders is essentially ministerial, not adjudicative, and therefore not covered by quasi-judicial immunity.

Plaintiff alleges she suffered adverse employment action "in direct, unlawful retaliation for the legitimate complaints Plaintiff had voiced about this Judge and after those complaints were shared by upper-management or Human Resources, with the subject Judge." FAC ¶ 22. Plaintiff further alleges she "went directly to the Presiding Judge and informed him that the subject Judge and her staff were retaliating against Plaintiff for reporting the subject Judge." FAC ¶ 23. As noted above, plaintiff has excised references to what acts of the subject judge she was reporting in the first amended complaint. However, it appears from the amended complaint that some of her reporting was about the acts of the subject judge, not fellow clerks. Plaintiff's counsel confirmed at hearing that the gravamen of the complaint is plaintiff's reporting of both issues. In any event, the alleged improprieties of the subject judge are acts of judicial discretion subject to immunity; the failure of court staff to perform the ministerial duty of creating minutes of the proceedings in which the judge's actions took place is not.

Plaintiff argues judicial immunity does not apply because the alleged retaliation was not "intimately connected" to a judicial process. Opp'n at 7. Plaintiff advances no authority for the proposition that an "intimate connection" to a judicial process is the test for applicability of judicial immunity. But if the defendants retaliated against plaintiff for blowing the whistle on judicial acts allegedly contrary to law, the alleged retaliation bears some connection to a judicial act. The relevant question then becomes: under California law, does judicial immunity preclude a plaintiff from bringing a whistleblower action against employees of the court on the basis of the whistleblower's reporting judicial acts subject to judicial immunity? A review of California cases informs the answer to this question.

In *Siri v. Sutter Home Winery, Inc.*, a California appellate court held a whistleblower who reported her employer's noncompliance with state tax requirements could

8

maintain an action for retaliation, despite the fact the information she reported was covered by California's implied tax return privilege. 31 Cal. App. 5th 598, 605 (2019). In *Shoemaker v. Myers*, a California appellate court examined whether the plaintiff could maintain an action under the substantially similar predecessor statute to Government Code section 8547.2, former Government Code section 19683, when he reported activity immunized under California's statutory public employee immunity, Government Code section 821.6. 2 Cal. App. 4th 1407, 1424-26 (1992) (*Shoemaker III*). The *Shoemaker III* court held that although the plaintiff was barred by public employee immunity from wrongful termination in violation of public policy claim under *Tameny v. Atlantic Richfield Co.,* 27 Cal. 3d 167 (1980), the public employee whistleblower statute was more specific than the public employee immunity statute, and thus his claim could go forward. *Shoemaker III*, 2 Cal. App. 4th at 1425. *Shoemaker III*'s conclusion on this point was grounded in the resolution of conflicting statutes to favor the more specific one and does not address the effect of common-law immunity. *Id.* This line of authority suggests that under California law, derivative whistleblower suits may be based on the disclosure of acts that are themselves privileged or immunized. At hearing, both parties acknowledged they were unable to find cases that directly address the interaction between the whistleblower statute plaintiff invokes and common-law judicial immunity.

Judicial immunity is intended to "protect the finality of judgments [and] discourage inappropriate collateral attacks." *Howard,* 222 Cal. App. 3d at 852 (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). It also "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Barring derivative whistleblower suits would not serve the first rationale. A public employee whistleblower is by definition not the party whose rights are affected by judicial acts. Her reporting of judicial impropriety does not disturb the finality of those judgments or serve as an inappropriate avenue of collateral attack against the rulings of the judge. The immunity provided reflects the policy judgment that the remedy for those whose rights are affected by legally erroneous rulings comes in the form of appeals or in some cases, petitions for a writ of habeas corpus or other forms of writ. Here, a whistleblower has no such alternate remedy.

In addition, barring derivative whistleblower suits would upend the defensive purpose of the second rationale, insulation from vexatious actions prosecuted by disgruntled litigants. If a judge could order court staff terminated for reporting on judicial impropriety and rely on judicial immunity to insulate the entire administrative office of the court from consequences, it would turn judicial immunity from a shield into a sword.

The California Government Code provides, in pertinent part:

> Except to the extent that justices and judges subject to the jurisdiction of the Commission on Judicial Performance are immune from liability under the doctrine of judicial immunity, a person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against an employee or applicant for employment for having made a protected disclosure, is subject to a fine not to exceed ten thousand dollars ($10,000) and imprisonment in a county jail for up to one year. An employee who intentionally engages in that conduct also shall be subject to discipline by the agency. This subdivision does not limit any other sanction that may be applicable by law.

Cal. Gov't Code § 8547.13(e). This provision expressly limits the applicability of judicial immunity to actions under the statute to the absolute judicial immunity enjoyed by justices and judges. When a legislative body enumerates named exceptions in a statute, the proper inference is that the legislators considered the issue of exceptions and ultimately limited the statute to the ones set forth. *California v. U.S. Department of Health & Human Services*, 2019 WL 5382250 (9th Cir. 2019) (citing *United Sates v. Johnson*, 529 U.S. 53, 58 (2000)). To construe the exception to liability for justices and judges in the statute to extend to court staff would render the subsequent clause imposing liability absurd. Extending immunity to court staff, as opposed to justices and judges alone, would vitiate the clause that "a person who intentionally engages in acts of reprisal […] is subject to a fine […]" leaving virtually no one to be covered by the statute. Absent other staff or managers of the court, no one else is able to engage in acts of reprisal or retaliation. It would not be a fair reading of the statute's text to interpret it as defining a class of persons as liable with no one in that class.

Defendant argues another subsection of the same statutory provision supports the applicability of the doctrine to actions against employees. Reply, ECF No. 20 at 4. That subsection reads:

> Except to the extent that justices and judges subject to the jurisdiction of the Commission on Judicial Performance are immune from liability under the doctrine of judicial immunity, an employee who violates subdivision (i) is subject to an action for civil damages brought against the employee by the injured party.

Cal. Gov't Code § 8547.13(j). But expressly and on its face, the purpose of this subsection is to distinguish between immune judges and justices and their subordinate employees, who may be liable under the statute.

Given the court's reading of the applicable statutes and the absence of controlling authority to the contrary, the court declines to find judicial or quasi-judicial immunity bars a plaintiff from bringing a whistleblower claim against court staff predicated on the reporting of judicial acts that may themselves be covered by judicial immunity.

As to plaintiff's § 1983 claims for denial of due process, these claims do not rely on the rationale for plaintiff's termination at all. The process provided to a court employee at termination does not depend on an exercise of judicial or adjudicatory discretion; it is basically administrative in nature. In addition, process is due to employees with civil service protections regardless of the reason for their firing. Therefore, these claims are not barred by judicial immunity.

The court DENIES defendants' motion to dismiss on the basis of judicial immunity.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss plaintiff's Third Cause of Action for a violation of California Government Code section 8547, *et seq.*, for failure to allege disclosure of non-publicly available facts and DENIES defendants' motion to dismiss on the basis of judicial immunity. Plaintiff is granted leave to amend consistent with this order, but is cautioned this is her last opportunity to amend.

11

Additionally, the court previously were referred the parties to the court's Voluntary Dispute Resolution Program, but they have not been able to take advantage of the program due to the untimely death of the VDRP Neutral Attorney originally assigned. The court directs the Clerk of Court to serve this order on the court's ADR coordinator and her assistant, Sujean Park and Jonathan Crouch, for selection of a new VDRP neutral.

IT IS SO ORDERED.

DATED: February 18, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE