UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dusty Stahl, | No. 2:19-cv-00496-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Robert C. Klotz, et al., | |
| Defendants. | |

Plaintiff Dusty Stahl is a former clerk at the Amador County Superior Court. She brings this whistleblower retaliation action against defendants, who all are Amador County Superior Court employees, in their individual capacities. Stahl has now filed her second amended complaint. Defendants move to dismiss Stahl's third claim under California Government Code section 8547.13. The court submitted the matter without oral argument. As explained below, the court **grants** the motion to dismiss Stahl's section 8547.13 claim **without leave to amend**. Stahl may proceed with her two remaining claims under 42 U.S.C. § 1983, which the court has addressed in its previous orders.

## I. BACKGROUND

When she worked as a clerk with Amador County Superior Court, Stahl alleges she witnessed improprieties that violated the rights of criminal defendants. Second Amended Complaint ("SAC") ¶¶ 15–16, ECF No. 27. Stahl reported these alleged improprieties and

believes she was terminated because of her disclosures. *Id.* ¶¶ 18–27. Stahl filed suit against Amador County Superior Court staff asserting three claims: (1) deprivation of liberty and property interest under 42 U.S.C. § 1983; (2) denial of procedural due process under 42 U.S.C. § 1983; and (3) retaliation for a protected disclosure by a public employee under California Government Code section 8547.13. *Id.* ¶¶ 28–46.

In March 2019, Stahl filed her original complaint in this court. *See generally* Compl., ECF No. 1. Defendants moved to dismiss Stahl's second and third claims under Federal Rule of Civil Procedure 12(b)(6), arguing Stahl did not allege sufficient facts to state a "protected disclosure" under section 8547 and that Stahl's § 1983 procedural due process claim is not cognizable as a violation of the United States Constitution to the extent it is based on denial of state-law progressive discipline. *See* Am. Mot. to Dismiss ("First MTD") at 1–2, ECF No. 5. Defendants also argued Stahl did not allege sufficient facts to establish a due process claim against defendants Harmon and Elmore. *See id.* at 2. Stahl opposed the motion, *see generally* Opp'n ("First Opp'n"), ECF No. 7, and defendants replied, *see generally* Reply ("First Reply"), ECF No. 10. The court granted defendants' motion to dismiss Stahl's section 8547 claim and her procedural due process claim to the extent it was based on the denial of progressive discipline under California law. Order ("First Order") at 15, ECF No. 14. The court denied the motion to dismiss the procedural due process claim against defendants Harmon and Elmore. *Id.* The court granted Stahl leave to amend her section 8547 claim and to bring a state law claim based on the denial of progressive discipline. *See id.* at 13–14.

In August 2019, Stahl filed her first amended complaint. *See generally* First Am. Complaint ("FAC"), ECF No. 16. Defendants moved to dismiss Stahl's third claim in that complaint, which relied on section 8547, arguing she again did not allege sufficient facts to constitute a "protected disclosure" and further, that the claim should be dismissed with prejudice as barred by the doctrines of judicial and quasi-judicial immunity. Mot. to Dismiss ("Second MTD") at 1–2, ECF No. 17. Stahl opposed the motion, *see generally* Opp'n ("Second Opp'n"), ECF No. 19, and defendants replied, *see generally* Reply ("Second Reply"), ECF No. 20. The court granted defendants' motion to dismiss Stahl's section 8547 claim for failure to allege a

"protected disclosure," but denied defendants' motion on the basis of judicial immunity. Order ("Second Order") at 11, ECF No. 25. The court allowed Stahl a final opportunity to amend her section 8547 claim to "clarify whether and to what extent the alleged improprieties were not publicly known, if she is able to amend while complying fully with Federal Rule of Civil Procedure 11." *Id.* at 6.

In March 2020, Stahl filed the operative complaint. *See generally* Second Am. Compl. ("SAC"), ECF No. 27. Defendants now move to dismiss with prejudice Stahl's third claim under California Government Code section 8547.13, arguing again that Stahl does not allege facts sufficient to establish a "protected disclosure" and that the claim is barred by the doctrines of judicial and quasi-judicial immunity. Mot. to Dismiss ("Third MTD") at 1–2, ECF No. 30. Stahl opposes the motion, *see generally* Opp'n ("Third Opp'n"), ECF No. 31, and defendants replied, *see generally* Reply ("Third Reply"), ECF No. 33. The court addresses defendants' pending motion to dismiss Stahl's section 8547.13 claim here.

**A.     Procedural History of Section 8547 Claim**

In her original complaint, Stahl alleged she reported a series of improprieties, including the judge's failure to advise defendants of their rights, sentencing criminal defendants over the phone without an attorney present, and altering a defendant's probation order after defendant had signed. Compl. ¶¶ 15–16. In response, defendants argued Stahl did not allege a "protected disclosure" of hidden or unknown facts as required by section 8547. First MTD at 1–2. Stahl contended some of the alleged improprieties were omissions, as contrasted to actions, and therefore "would not generally be known to the public." First Opp'n at 1. As the court previously noted at hearing on the first motion to dismiss, Stahl's counsel argued certain errors, such as the clerks' creating inaccurate minute orders, either did not occur on the public record or were only apparent, if at all, to the court, criminal defendants, prosecutor and defense attorney. *See* First Order at 10. He also said members of the public would have to "either [be] present in the courtroom or [scour] the record" to learn of the errors. *Id.*

In resolving the first motion to dismiss, the court reasoned that while plaintiff's argument might have merit, Stahl "d[id] not allege the extent to which the purported improprieties in this

case did not appear in the record or were otherwise not publicly known." *Id.* Because the alleged improprieties took place in an "open courtroom during official court proceedings on the record," the court determined they did not qualify as protected disclosures under section 8547. *Id.* The court granted defendants' motion to dismiss Stahl's section 8547 claim, but with leave to amend. *Id.* at 15.

Stahl timely filed her first amended complaint, removing references to alleged improprieties that occurred in open court. *See* FAC ¶ 15. The amended allegation read:

> Plaintiff noticed other clerks checking all of the boxes in minute orders, indicating legal rights had been given; however, Plaintiff personally observed that the Judge had not given all of the rights checked by the clerks; therefore, the minute orders were not accurate as to what actually happened on the record. (In clear violation of the mandate reflected in *People v. Zackery*,[1] supra).

*Id.* Defendants filed a second motion to dismiss, arguing Stahl continued to allege only publicly known information and therefore had not pled a section 8547 claim. Second MTD at 1–2. At hearing, Stahl argued the alleged improprieties taking place in the courtroom would not have been known to the public "due to the falsification of minute orders." *See* Second Order at 6.

In resolving the second motion to dismiss, the court held the amended allegation was insufficient to state a plausible claim that those improprieties were part of the public record. As noted, the court again dismissed Stahl's section 8547 claim, granting one final opportunity to amend. *Id.* The court noted in any amended complaint Stahl would need to "supply further detail about the falsification or modification of the public record," specifically clarifying "whether and to what extent the allege improprieties were not publicly known." *Id.*

/////
/////
/////

---

[1] In *People v. Zackery*, 147 Cal. App. 4th 380, 385–90 (2007), the Third District Court of Appeal held a court clerk's minute orders and judgment abstracts must conform to the oral pronouncement given by the judge to the criminal defendant. If they do not conform, the minutes must be corrected and the oral pronouncement controls. *Id.* at 385–86.

### B. New Allegations in Operative Complaint

In March 2020, Stahl filed the operative complaint, adding the following allegations about falsification of minute orders:

> The "protected activity" in which Plaintiff engaged, under California Government Code Section 8547.2 et. seq., consisted of complaints by Plaintiff to her supervisor, Dana Elmore; and, Court Executive Officer Robert Klotz, about other Court Clerks, Amee Trotter, Jana Giron.[sic] and Dixarea Epsey. These Clerks, while working in the subject Judge's Courtroom, habitually checked all of the boxes in Minute Orders during Criminal [sic] cases, indicating that the Judge in question had orally advised each criminal defendant of his or her Constitutional rights, to which those criminal defendants were entitled. In fact, all Constitutional rights of those criminal defendants had not been given. Plaintiff personally observed these misrepresentations by Court Administrative personnel from approximately January of 2017 to May of 2017. The facts and circumstances leading to the protected activity in which Plaintiff engaged, were not readily known to the public; and, not easily ascertainable by reviewing the Court record, because these acts constituted intentional concealment of the true facts. The boxes in the Minute Orders that were checked, were checked fraudulently; *therefore, a review of the public record would not alert the public of the true facts*, which were that the criminal defendants were not given all of their constitutional rights. These misrepresentations, by certain Court Clerks, in the Minute Orders would not be ascertainable, without someone conducting a minimal investigation into the facts and circumstances surrounding each criminal case, to determine if each criminal defendant was given all of his or her constitutional rights by the judge in question. While the facts and circumstances leading to Plaintiff's disclosures to Dana Elmore and Robert Klotz may not have involved subject matter that was completely secretive, the subject matter involved was not in the "public domain," as that term is discussed in the case of *Mize-Kurzman v. Marine* [sic] *Community College District*, (2002) [sic] Cal.App.4th 832 (2012).

SAC ¶ 41 (emphasis in original). Otherwise, the complaint remains unchanged.

Defendants move to dismiss Stahl's section 8547 claim as currently pled, arguing Stahl still does not allege sufficient facts to show a "protected disclosure" of concealed or hidden information. *See* Third MTD at 2. The court has carefully reviewed the operative complaint to determine whether Stahl has cured the pleading deficiencies outlined in this court's previous orders and finds she has not, as explained below.

### II. LEGAL STANDARD

As the court previously has reviewed, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief

can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

Federal Rule of Civil Procedure 15(a) requires the court "freely grant leave to amend when justice so requires." However, if there is strong evidence of repeated failure to cure deficiencies in a complaint, the court may decline to grant additional opportunities to amend. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

**III. ANALYSIS**

The California Whistleblower Protection Act prohibits retaliation against state employees who "report waste, fraud, abuse of authority, violation of law, or threat to public health." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 882 (2008) (quoting Cal. Gov't Code § 8547.1), *superseded by statute on other grounds*, Act of July 15, 2010, 2010 Cal. Legis. Serv. Ch. 104,

6

§ 1. The Act expressly applies to California courts, imposing liability "in an action for damages" on "a person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against an employee for having made a protected disclosure." Cal. Gov't Code § 8547.13(e). Ultimately, to establish a prima facie case for whistleblower retaliation under section 8547, a plaintiff must show she made a "protected disclosure," she was "subjected to reprisals or disciplinary action," and a causal link exists between the two. *Manavian v. Dep't of Justice*, 28 Cal. App. 5th 1127, 1141 (2018) (citing Cal. Gov't Code §§ 8547.1, 8547.3).

This court previously found the standard applied in *Mize-Kurzman v. Marin Community College District*, 202 Cal. App.4th 832 (2012) controls the question of what constitutes a "protected disclosure" under section 8547. First Order at 8. Reporting publicly known facts is not a protected disclosure. *Mize-Kurzman*, 202 Cal. App. 4th at 858–59. In reaching this conclusion, the *Mize-Kurzman* court relied on the "ordinarily understood meaning" of "disclosure," which is "to reveal something that is hidden and not known." *Id.* at 858.

Here, the alleged improprieties on which Stahl relies either were reflected in the public record or occurred during open court proceedings and therefore cannot plausibly support a claim for a "protected disclosure" under section 8547. Reading the allegations in the light most favorable to Stahl, the clerks "habitually checked all of the boxes in the Minute Orders" indicating the judge read criminal defendants their Constitutional rights when in fact the judge had not. SAC ¶ 41. Even if true, each aspect of the purported improprieties—incorrect minute orders and the judge's having not read defendants their rights—is part of the public record. Minute orders reside on the public court docket and judges conduct proceedings in courtrooms open to the public.[2] Stahl acknowledges that with "minimal investigation" a person could determine if the judge properly read defendants their rights and that her factual allegations do not involve subject matter that is "completely secretive." *Id.* Because the alleged improprieties are

---

[2] The court also takes judicial notice of the Amador County court's Local Rule 11.06, providing for a transcript or electronic recording of court proceedings, and indicating that transcripts typically are available in criminal proceedings at least. *See* http://www.amadorcourt.org/os-courtReporterTranscripts.aspx.

captured on the public record, Stahl's allegations cannot plausibly state a claim of a protected disclosure in light of *Mize-Kurzman*. *Mize-Kurzman*, 202 Cal. App. 4th at 858–59.

Stahl appears to have modified her pleadings in an effort to overcome *Mize-Kurzman*, in that she now alleges that while the disclosures may not have been "readily known to the public" and "not easily ascertainable by reviewing the court record," the acts constituted "intentional concealment of true facts." *See* SAC ¶ 41. But the court finds her amended allegations do not acknowledge the standard for a protected disclosure, which as noted above is only protected if it is not "publicly known." *Mize-Kurzman*, 202 Cal. App. 4th at 859. Rather, Stahl appears to ask the court to adopt an adjusted standard that turns *Mize-Kurzman* on its head, without citing any authority in support.

Finally, the court previously determined the defendant court clerks' execution of minute orders and Stahl's whistleblower claim against court staff, as articulated in the first amended complaint, were not protected by judicial or quasi-judicial immunity. Second Order at 6–11. While defendants did not seek reconsideration of that order, they now renew their arguments regarding judicial and quasi-judicial immunity as an alternative basis to dismiss Stahl's section 8547 claim. Even if the court's prior order is not law of the case on this issue, this aspect of defendants' motion is moot in light of the court's resolution of the merits of dismissal of the section 8547.13 claim above.

The court dismisses Stahl's section 8547 claim without prejudice but without leave to amend. *See Hargis v. Foster*, 312 F.3d 404 (9th Cir. 2002) (if plaintiff does not "specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court.")

**IV.    CONCLUSION**

Defendants' motion to dismiss Stahl's section 8547 claim under Federal Rule of Civil Procedure 12(b)(6) is **granted** without leave to amend. Stahl may proceed with her remaining claims under 42 U.S.C. § 1983. Defendants shall file their answer within twenty-one (21) days.

The parties previously stipulated to delay participation in the court's Voluntary Dispute Resolution Program ("VDRP") until the initial pleading stage was complete. *See* ECF No. 29. At

8

this time, the court refers the parties to VDRP and directs the Clerk of Court to serve this order on the court's ADR coordinator to work with the parties to select a VDRP neutral.

This order resolves ECF No. 30.

IT IS SO ORDERED.

DATED: May 5, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE